UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARK SYFERT,

                                  Plaintiff,
                                                                6:19-CV-0775

v.                                                                          (GTS/ML)

CITY OF ROME,

                                  Defendant.
_____

APPEARANCES:

MARK SYFERT
  Plaintiff, *Pro Se*
422 W. Embargo Street #2
Rome, New York 13440

GLENN T. SUDDABY, Chief United States District Judge

### DECISION and ORDER

Currently before the Court, in this *pro se* civil rights action filed by Mark Syfert ("Plaintiff") against the City of Rome ("Defendant"), are (1) United States Magistrate Judge Miroslav Lovric's Report-Recommendation recommending that all of Plaintiff claims be dismissed with prejudice except for his fourth claim, which should be dismissed with leave to amend, and (2) Plaintiff's Objections to the Report-Recommendation. (Dkt. Nos. 4, 6.) For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety.

## I.    RELEVANT BACKGROUND

Generally, construed with the utmost of special solicitude, Plaintiff's 104 pages of Objections and exhibits thereto (many of which are mere copies of his 63-page Complaint) assert the following two arguments: (1) Plaintiff's first, second, and third claims should not be

dismissed as time-barred because (a) he did not have a full understanding of the errors made in his property's deed description until he received the zoning board minutes as a result of FOIA requests he had made in 2017, and (b) in any event, dismissing these claims would prevent him from seeking any legal recourse; and (2) Plaintiff's fifth and sixth claims (for denial of a speedy trial and malicious prosecution) should not be dismissed because he has presented evidence showing that (a) Defendant tampered with official property records in order to cover up errors in his property's deed description and (b) Defendant continued to cite Plaintiff's for property code violations after he had initiated a lawsuit against it. (*See generally* Dkt. No. 12.)

## II.  STANDARD OF REVIEW

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

could have been, but was not, presented to the magistrate judge in the first instance.[2]  Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance.  *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007

---

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

(2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[3] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[4]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. ANALYSIS

After carefully reviewing the relevant papers herein, including Magistrate Judge Lovric's thorough Report-Recommendation, the Court can find no clear error in those portions of the

---

[3] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[4] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

Report-Recommendation to which Plaintiff has specifically objected, and no error whatsoever in the remaining portions of the Report-Recommendation: Magistrate Judge Lovric employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein. To those reasons, the Court adds only four brief points.

First, even the unchallenged portions of the Report-Recommendation would survive a *de novo* review.

Second, to the extent that Plaintiff has attempted to use his Objections as a vehicle by which to place before the Court new factual allegations and even evidence, the Court rejects that attempt. For the sake of brevity, the Court will not linger on the redundancy of some of the material, the futile role its serves in any attempt to correct the pleading defects in Plaintiff's claims, or the inappropriateness of a court considering evidence while conducting a failure-to-state-a-claim analysis. More important is that, under the circumstances, the Court finds that considering late-blossoming factual allegations and evidence during the objection phase of this proceeding would frustrate the plain objective of Congress through its enactment of the Federal Magistrates Act of 1968.

Third, Plaintiff is respectfully cautioned that he is fast-becoming an abusive litigant, having now filed three actions in this District largely regarding the same set of transactions or occurrences. Should he continue this practice, and/or the practice of attempting to bury the Court (and a defendant) in pleading exhibits, he will be directed to show cause why he should not be required (in the future) to either proceed by counsel in this district court or obtain leave of its chief judge to not do so.

Fourth, and finally, should Plaintiff chose to file a timely Amended Complaint, he must limit it to his fourth claim, set forth his factual allegations in numbered paragraphs (each limited as far as practicable to a single set of circumstances), and otherwise comply with the directives contained on page 40 of the Report-Recommendation.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Lovric's Report-Recommendation (Dkt. No. 4) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that all of the claims in Plaintiff's Complaint (Dkt. No. 1) are *sua sponte* **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B), **EXCEPT** for his fourth claim (based on the alleged unconstitutionality of Defendant's plumbing and plumber licensing policies and procedures), which **SHALL BE DISMISSED with prejudice UNLESS**, within **THIRTY (30) DAYS** of the date of this Decision and Order, he files an **AMENDED COMPLAINT** that corrects the pleading defects in that claim; and it is further

**ORDERED** that, should Plaintiff file such an Amended Complaint within the above-described time period, it shall be referred to Magistrate Judge Lovric for his review.

Dated: November 14, 2019
       Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge