UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARK SYFERT,

                         Plaintiff,

v.                                                                    6:19-CV-0775
                                                                      (GTS/ML)
CITY OF ROME,

                         Defendant.
_____

APPEARANCES:                                           OF COUNSEL:

MARK SYFERT
    *Pro Se*
422 West Embargo Street #2
Rome, New York 13440

MIROSLAV LOVRIC, United States Magistrate Judge

## **REPORT-RECOMMENDATION**

The Clerk has sent this *pro se* Amended Complaint filed by Mark Syfert ("Plaintiff")

against the City of Rome ("Defendant") to the Court for review.  (Dkt. No. 9.)  For the reasons

discussed below, I recommend that Plaintiff's Amended Complaint (Dkt. No. 9) be accepted for

filing with respect to his Equal Protection Clause claim regarding the omission of his name from

Defendant's 2016 and 2017 licensed plumber lists, and otherwise dismissed in its entirety,

without leave to amend.

## I.    BACKGROUND

The procedural background and litigious history of Plaintiff in this district was outlined

in the Court's Order and Report-Recommendation dated August 14, 2019.  (Dkt. No. 4 at 1-6.)

On November 14, 2019, Chief United States District Judge Glenn T. Suddaby accepted and adopted the Report-Recommendation in its entirety.  (Dtk. No. 8.)  Chief Judge Suddaby's Order dismissed with prejudice all of Plaintiff's claims except his fourth claim based on the alleged unconstitutionality of Defendant's plumbing and plumber licensing policies and procedures, which was dismissed with leave to amend.  (*Id.*)

## II.    ALLEGATIONS OF THE COMPLAINT

Construed as liberally[1] as possible, Plaintiff's Amended Complaint (much like his original Complaint) alleges a history of retaliation, favoritism, and abuse of power by Defendant's Plumbing Inspector, Mike Mondrick.[2]  (*Compare* Dkt. No. 1, *with* Dkt. No. 9.)  The Amended Complaint is interposed with exhibits and consists of a series of incomplete sentences that read like Plaintiff's fragmented thoughts.  (*See generally* Dkt. No. 9.)

With respect to Plaintiff's fourth claim, based on the alleged unconstitutionality of Defendant's plumbing and plumber licensing policies and procedures—the only claim that he was granted leave to amend—Plaintiff alleges that in 2011, he received a letter from Mr. Mondrick, stating that Plaintiff failed to pay Defendant's licensing fee, Plaintiff's liability insurance lapsed, and that to be on Defendant's list of licensed plumbers,[3] Plaintiff must "re-test."  (*Id.*)  Plaintiff alleges that in 2011, Defendant removed his name from the list of licensed

---

[1]    The court must interpret *pro se* complaints to raise the strongest arguments they suggest. *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 [2d Cir. 1994]).

[2]    Plaintiff's Amended Complaint also included several of the same factual allegations included in his original Complaint related to the history of his relationship with Mr. Mondrick dating back to 2005.  (*See generally* Dkt. No. 9.)

[3]    Plaintiff alleges that a plumber must be licensed by Defendant or employed by an approved licensed master plumber to do any plumbing work in the City of Rome.  (*Id.*)

plumbers—without a trial or hearing—despite the fact that Plaintiff had paid all of Defendant's fees and had maintained continuous liability insurance. (*Id*.)

Plaintiff alleges that in contrast to his experience, in 2017, Michael Caringi, another licensed plumber, had a trial (a hearing by Defendant's Plumbing Board) and was then removed from Defendant's list of licensed plumbers because he had stopped paying Defendant's fees. (*Id*.)

Plaintiff alleges that in December 2011, he began asking questions about jobs that he "never finished in fall of 2009 ot (sic) spring of 2010." (*Id*.) Plaintiff alleges that, as a result of these inquires, in February 2012, Mr. Mondrick told Plaintiff that he did not have to pay a fee because the previous plumber already paid the fee, Plaintiff did not pay the fee, did no plumbing work, but was issued a check by Defendant in the amount of $25.00 as a refund for the fee that he did not pay.[4] (*Id*.)

Plaintiff alleges that in March 2012, another plumber was included on Defendant's licensed plumber list but with Plaintiff's phone number associated to him. (*Id*.) Plaintiff alleges that Mr. Mondrick makes Defendant's licensed plumber list and did this intentionally to confuse potential customers. (*Id*.)

Plaintiff alleges that in April 2012, he voided and returned to Defendant the check in the amount of $25.00, that was issued in February 2012. (*Id*.) Plaintiff alleges that on June 6, 2012, he received a stop work order, which was in retaliation for returning the check. (*Id*.)

---

[4]     The allegations regarding this check in the amount of $25.00, are puzzling to the Court. It is unclear why Mr. Mondrick and Plaintiff discussed a fee at all if Plaintiff was not conducting any plumbing work. It is also unclear who the "previous plumber" refers to or what the fee is for.

Plaintiff alleges that in 2013 he was placed back on Defendant's licensed plumber list then was again removed in 2014 and 2015.  (*Id.*)  Plaintiff alleges that in 2014, Defendant changed the fee schedule for plumbing inspections.  (*Id.*)  Plaintiff alleges that he paid Defendant's fee in 2016 and in 2017, but was not on Defendant's licensed plumber list either year.  (*Id.*)  In addition, Plaintiff alleges that in 2018 (after filing a lawsuit in 2017), he was placed back on Defendant's licensed plumber list but by that time, he was already "out of business."  (*Id.*).

Finally, the Amended Complaint alleges in very vague terms, that "coming in year (2022) . . . Rome . . . [will be] [i]nstalling water meters & backflow valve[s]."  (*Id.* at 26-27.)  However, Plaintiff also alleged that he "was a Licensed Master Plumber until the end of Dec. 2018."  (*Id.* at 24-25.)

Based on these factual allegations, Plaintiff appears to allege the following claims: (1) a claim that Defendant violated the Equal Protection Clause pursuant to the Fourteenth Amendment and 42 U.S.C. § 1983; (2) a claim of retaliation for whistleblowing pursuant to 42 U.S.C. § 1983; (3) a claim of hostile work environment; (4) a claim of taxation without representation; (5) a claim that Defendant violated his Sixth Amendment right to a trial by his peers when he was removed from Defendant's licensed plumber list in 2011; (6) wrongful termination; and (7) discrimination.  (*See generally* Dkt. No. 9.)

For a more complete statement of Plaintiff's claims, refer to the Amended Complaint. (Dkt. No. 9.)

### III.     LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).

In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief."  *Iqbal*, 556 U.S. at 679 (internal citation and punctuation omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor."  *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.

Courts are "obligated to construe a pro se complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *see also Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam) (reading the plaintiff's *pro se* complaint "broadly, as we must" and holding that the complaint sufficiently raised a cognizable claim). "[E]xtreme caution should be exercised in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and [the] parties . . . have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

The Court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Aguilar v. United States*, 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

**IV.    ANALYSIS**

In addressing the sufficiency of a plaintiff's complaint, the court must construe his pleadings liberally.  *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Having reviewed Plaintiff's Complaint with this principle in mind, I recommend that his Equal Protection claim with respect to the omission of his name from Defendant's 2016 and 2017 licensed plumber lists, be accepted for filing and that all other causes of action be dismissed.

Plaintiff brings this action against Defendant pursuant to 42 U.S.C. § 1983.  "To state a valid claim under § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States."  *Whalen v. Cnty. of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)).  Thus, § 1983 does not create any independent substantive right, but rather "provides a civil claim for damages" to "redress . . . the deprivation of [federal] rights established elsewhere."  *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999).

**A.    Time-Barred Claims**

The statute of limitations for a § 1983 action accruing in New York is three years.  *See Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009).  The statute of limitations begins to run on the date that the plaintiff's claims accrues.  *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Federal law governs the accrual date.  *Morse v. Univ. of Vt*., 973 F.2d 122, 125 (2d Cir. 1992). Generally, under federal law, a cause of action accrues when "the plaintiff knows or has reason to know the injury which is the basis of his action."  *Covington v. New York*, 171 F.3d 117, 121 (2d Cir. 1999) (quoting *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980)).  That is so even if "the full extent of the injury is not then known or predictable."  *Fahs Const. Group,*

*Inc. v. Gray*, 725 F.3d 289, 292 (2d Cir. 2013) (per curiam). "[S]tate tolling rules determine whether the limitations period has been tolled, unless state tolling rules would 'defeat the goals' of section 1983." *Abbas v. Dixon*, 480 F.3d 636, 641 (2d Cir. 1997) (citing *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002)).

Although the statute of limitations is an affirmative defense, where it is clear from the face of the complaint that a claim is barred by the applicable statute of limitations, the claim is subject to dismissal for failure to state a claim on 28 U.S.C. § 1915(e)(2)(B) review. *See Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (holding that a complaint can be dismissed on initial review based on a defense that appears on the face of the complaint).

Plaintiff commenced this action on July 1, 2019. (Dkt. No. 1.) Three years prior to the filing date is July 1, 2016. Any causes of action in Plaintiff's Amended Complaint that accrued before July 1, 2016, are likely barred by the statute of limitations.

Much like his original Complaints, most of the incidents listed in Plaintiff's Amended Complaint are untimely because they occurred before July 1, 2016. (Dkt. No. 9.) More specifically, Plaintiff alleges that (1) he was removed from Defendant's list of licensed plumbers, without due process, in 2011; (2) he received a check from Defendant in the amount of $25.00 as reimbursement for a fee that he never paid; (3) Code Enforcement issued him a "stop work" order in 2012; (4) in March 2012, another plumber was included on Defendant's licensed plumber list but with Plaintiff's phone number listed; (5) Plaintiff was placed back on Defendant's licensed plumber list in 2013, then omitted again in 2014 and 2015; and (6) Defendant changed the fee schedule for plumbing inspections in 2014. (*Id.*) All of the conduct occurring before July 1, 2016, is barred by the statute of limitations.

Plaintiff's allegations do not amount to a "continuing violation." The continuing violation doctrine, where applicable, is an "exception to the normal knew-or-should-have-known accrual date" if there is evidence of an ongoing discriminatory policy or practice. *Gonzalez v. Hasty*, 802 F.3d 212, 220 (2d Cir. 2015) (quoting *Harris v. City of New York*, 186 F.3d 243, 248 (2d Cir. 1999)). The continuing violation doctrine does not apply to "discrete acts," even where those discrete acts are a part of a "serial violation," but only to claims that "by their nature accrue only after the plaintiff has been subjected to some threshold amount of mistreatment." *Gonzalez*, 802 F.3d at 220 (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 111 (2002)). When the doctrine applies, the limitations period begins to run when the defendant has engaged in "enough activity to make out an actionable . . . claim," as long as the plaintiff has alleged some non-time-barred acts which contributed to the alleged violation. *Id.* (quoting *Morgan*, 536 U.S. at 117; *Harris*, 186 F.3d at 250). A continuing violation cannot "be established merely because the claimant continues to feel the effects of a time-barred discriminatory act." *Harris*, 186 F.3d at 250 (citing *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 907 (2d Cir. 1997)).

The continuing violation doctrine is generally disfavored in this Circuit. *See Town of Ramopo v. Town of Clarkstown*, 16-CV-2004, 2017 WL 782500, at *5 (S.D.N.Y. Feb. 27, 2017); *Grimes v. Fremont Gen. Corp.*, 785 F. Supp. 2d 269, 292 (S.D.N.Y. 2011) (quoting *Trinidad v. N.Y.C. Dep't of Corr.*, 423 F. Supp. 2d 151, 165 n.11 (S.D.N.Y. 2006)) ("[C]ourts in the Second Circuit 'have been loath to apply [the continuing violation doctrine] absent a showing of compelling circumstances.'").

Here, all of the above incidents occurred prior to July 1, 2016. Even assuming that Plaintiff was being targeted for mistreatment, each act is a discrete event, which if actionable at all, would have been actionable at the time they occurred. To be sure, Plaintiff seems to have

issues with Mr. Mondrick, but the Court finds no compelling circumstances present to warrant applying the continuing violation doctrine.

In addition, there is no indication at this time that this is one of those extraordinary cases in which equitable tolling should apply.

A § 1983 claim accrues—and the limitations period begins to run—"when the plaintiff has a complete and present cause of action, that is, when the wrongful act or omission results in damages." *Smith v. Campbell*, 782 F.3d 93, 100 (2d Cir. 2015) ("The cause of action accrues even though the full extent of the injury is not then known or predicable."). Stated differently, in determining when the statute of limitations begins to run, the "proper focus is on the time of [wrongful] act, not the point at which the consequences of the act become painful." *Bailey v. Tricolla*, 94-CV-4597, 1995 WL 548714, at *3 (E.D.N.Y. Sept. 12, 1995) (quoting *Chardon v. Fernandez*, 454 U.S. 6, 8 (1981)).

According to Plaintiff:

> Mr. Caringi in 2017. (The Sixth Amendment guaranteed he had a trial with a jury of peers). Plaintiff was denied this basic "Right" starting in 2011.
>
> "Punitive Damages" Starting Jan. 2011. Stress, anxiety, and the mental toll From The Removal of Plaintiff Name from the Defendant's master plumbers "list."

(Dkt. No. 9 at 52 [unaltered text; errors in original].)

Thus, to the extent Plaintiff traces his claims to his removal from Defendant's master plumber list in 2011, the statute of limitations on those claims, if any, would have expired in 2014. As such, the Court finds that the statute of limitations should not be tolled on that basis.

Under New York law, "the doctrine of fraudulent concealment prevents a party from fraudulently concealing wrongdoing until after the tolling of the statute of limitations." *Aiken v.*

*Nixon*, 236 F. Supp. 2d 211, 240 (N.D.N.Y. 2002) (McAvoy, J.). "To invoke the doctrine of fraudulent concealment properly [for purposes of seeking an equitable tolling of the statute of limitations], a plaintiff must establish three elements, including: (1) wrongful concealment by defendants [of their actions], (2) which prevented plaintiff's discovery of the nature of the claim within the limitations period, and (3) due diligence in pursuing the discovery of the claim." *N.Y. Dist. Council of Carpenters Pension Fund v. Forde*, 939 F. Supp. 2d 268, 278 (S.D.N.Y. 2013) (citing *In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56, 60 (2d Cir. 1998); *Butala v. Agashiwala*, 916 F. Supp. 314, 319 (S.D.N.Y. 1996)). "The relevant question is not the intention underlying defendants' conduct, but rather whether a reasonable plaintiff in the circumstances would have been aware of the existence of a cause of action." *Veltri v. Bldg. Serv. 32b-J Pension Fund*, 393 F.3d 318, 323 (2d Cir. 2004) (citing *Pearl*, 296 F.3d at 82; *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1990)).

Here, the Court finds Plaintiff has not plausibly alleged any of the three elements to invoke this doctrine.

Further, although not raised by Plaintiff, having carefully reviewed the Amended Complaint, the Court discerns no basis to invoke equitable tolling or equitable estoppel in order to salvage what are otherwise patently untimely claims. Under New York law, equitable tolling applies "where a plaintiff has been prevented in some extraordinary way from exercising rights," such that "it would have been impossible for a reasonably prudent person to learn about his or her cause of action." *Pearl*, 296 F.3d at 85. In a related but slightly different vein, equitable estoppel is available "where the plaintiff knew of the existence of his cause of action but the defendant's conduct caused him to delay bringing the lawsuit." *Dillman v. Combustion Eng'g, Inc.*, 784 F.3d 76, 85 (2d Cir. 1986); *see also Abbas*, 480 F.3d at 642 (stating that equitable

estoppel applies when a "plaintiff was induced by fraud, misrepresentation or deception to refrain from filing a timely action"). Under either doctrine, "[d]ue diligence on the part of the plaintiff in bringing an action . . . is an essential element of equitable relief." *Abba*s, 480 F.3d at 642 (quoting *Doe v. Holy See (State of Vatican City)*, 17 A.D. 3d 793, 796 (N.Y. App. Div. 3d Dep't 2005)).

As a result, the Court finds Plaintiff is not entitled to tolling and, thus, his claims based on events that occurred before July 1, 2016, are time-barred.

Therefore, the Court recommends dismissing Plaintiff's claims based on the above time-barred events pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

### B.    Rome's Plumbing and Plumber Licensing Policies and Procedure

#### 1.    Equal Protection Clause Claim

The only allegations in the Amended Complaint relating to events that occurred after July 1, 2016,[5] are that Plaintiff paid his renewal fee to be a licensed plumber in the City of Rome in 2016[6] and 2017, but he was omitted from Defendant's list of licensed plumbers those years.

The Equal Protection Clause provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. This is "essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). The Equal Protection Clause "bars

---

[5]    In addition, Plaintiff makes vague allegations that beginning in the year 2022, Defendant must install water meters and backflow valves. However, it is unclear what relevance these allegations have since Plaintiff also alleged that as of December 2018, he was no longer working as a licensed master plumber.

[6]    The Amended Complaint is not clear when in 2016 Plaintiff paid the renewal fee and when the decision was made to omit him from Defendant's licensed plumber list in 2016. As a result, these allegations also may not be timely.

the government from selective adverse treatment of individuals compared with other similarly situated individuals if 'such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.'"  *Bizzarro v. Miranda*, 394 F.3d 82, 86 (2d Cir. 2005) (quoting *LeClair v. Saunders*, 627 F.2d 606, 609-10 (2d Cir. 1980)).  Thus, a plaintiff asserting an equal protection claim must allege facts plausibly suggesting that (1) he was treated differently from similarly situated individuals; and (2) the defendants treated him differently due to his membership in a suspect class, inhibited his exercise of a fundamental right, acted out of malice, or acted irrationally and arbitrarily.  *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

> In this circuit, to succeed on such a claim, a party must establish that
>
>> (i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendant acted on the basis of a mistake.

*Neilson v. D'Angelis*, 409 F.3d 100, 105 (2d Cir. 2005), *overruled on other grounds by Appel v. Spiridon*, 531 F.3d 138 (2d Cir. 2008); *see also Analytical Diagnostic Labs, Inc. v. Kusel*, 626 F.3d 135, 140 (2d Cir. 2010).

The Second Circuit has noted that application of a class-of-one equal protection standard will differ depending upon whether the case involves discretionary decision-making, or instead flows from non-discretionary action.  *Analytical Diagnostic Labs, Inc.,* 626 F.3d at 141.  As the Supreme Court has observed, a class-of-one equal protection claim is readily available when governmental action can be gauged by a clear standard.  *Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 602 (2008).  In the case of discretionary decision-making, the test to be applied is

significantly more relaxed, particularly in instances such as in the employment arena, for example, where decisions are often subjective and highly individualized. *Analytical Diagnostic Labs, Inc.*, 626 F.3d at 141 (citing *Engquist,* 553 U.S. at 604).

Here, Plaintiff alleges that in 2016 and 2017, he paid Defendant's fee but, without notification or reason, he was not placed on Defendant's list of licensed plumbers and was, therefore, unable to complete any plumbing work in the City of Rome. (Dkt. No. 9 at 11.) Plaintiff alleges that Mr. Mondrick makes up Defendant's licensed plumber lists, that Mr. Mondrick does whatever he wants, and that Defendant approves of everything that Mr. Mondrick does. (*Id.*; *accord* Dkt. No. 9 at 23.) The Amended Complaint included as exhibits Defendant's licensed plumber lists for 2016 and 2017, which include the names and contact information for several licensed plumbers, but Plaintiff is not listed. (Dkt. No. 9 at 14-17.)

Out of an abundance of caution, and mindful of the Second Circuit's instruction that a *pro se* plaintiff's pleadings must be liberally construed, *see, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), and without expressing an opinion as to whether it can withstand a properly filed motion to dismiss or for summary judgment, I recommend that a response be required to Plaintiff's Equal Protection Clause claim against Defendant.

### 2.    Retaliation/Whistleblowing

Plaintiff alleges that Defendants retaliated against him for his protected speech. More specifically, Plaintiff alleges that he filed FOIL requests,[7] complained generally about Mr. Mondrick and Defendant's policies, and filed grievances. (Dkt. No. 9 at 60-66, 70-71, 78.)

---

[7]    FOIL requests by a citizen are considered protected speech. *McAvey v. Orange-Ulster BOCES*, 805 F. Supp. 2d 30, 39-40 (S.D.N.Y. 2011).

A cognizable section 1983 retaliation claim lies when government officials take adverse action that is motivated by an individual's exercise of a constitutional right, including the free speech provisions of the First Amendment. *See Friedl v. City of N.Y.*, 210 F.3d 79, 85 (2d Cir. 2000) ("In general, a section 1983 claim will lie where the government takes negative action against an individual because of his exercise of rights guaranteed by the Constitution or federal laws.").

To state a *prima facie* claim under section 1983 for retaliatory conduct, a plaintiff must advance non-conclusory allegations establishing that (1) the conduct at issue was protected, (2) the defendants took adverse action against the plaintiff, and (3) there was a causal connection between the protected activity and the adverse action—in other words, that the protected conduct was a "substantial or motivating factor" in the government official's decision to take action against the plaintiff. *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Dillon v. Morano*, 497 F.3d 247, 251 (2d Cir. 2007); *Garrett v. Reynolds*, No. 99-CV-2065, 2003 WL 22299359, at *4 (N.D.N.Y. Oct. 3, 2003) (Sharpe, M.J.).

The only alleged adverse actions taken after July 1, 2016, were the omission of Plaintiff's name from Defendant's list of licensed plumbers in 2016 and 2017.  Plaintiff fails to set forth any allegations plausibly suggesting a causal connection between his protected speech, which most recently occurred on or around April 17, 2012 (Dkt. No. 9 at 63, 65), and the omission of Plaintiff from Defendant's licensed plumber list in 2016 and 2017.  *See Niedziejko v. Delaware & Hudson Ry. Co., Inc.*, 18-CV-0675, 2019 WL 1386047, at *44 (N.D.N.Y. Mar. 27, 2019) (Suddaby, C.J.) (holding that the approximately fifteen- to eighteen-month gap between the alleged protected activity and the adverse action is too attenuated to raise an inference of discriminatory animus or retaliatory intent); *Doner-Hendrick v. New York Inst. of Tech.*, 874 F.

Supp. 2d 227, 242 (S.D.N.Y. 2012) (collecting cases) ("Courts in this Circuit have held that periods 'of two months or more defeat an inference of causation.'"); *Kuduk v. BNSF Ry. Co.*, 980 F. Supp. 2d 1092, 1101 (D. Minn. 2013) ("[A] plaintiff cannot establish a *prima facie* case of retaliation based on temporal proximity alone when the termination occurred two months after the alleged protected conduct."), *aff'd* 768 F.3d 786 (8th Cir. 2014) ("[W]e reject the notion . . . that temporal proximity, without more, is sufficient to establish a prima facie case."); *Cyrus v. Union Pac. R.R. Co.*, 12-C-10248, 2015 WL 5675073, at *11 (N.D. Ill. Sept. 24, 2015) (holding that "[g]iven the attenuated nature of the temporal gaps, no reasonable jury could infer that [plaintiff] was placed on a [developmental action plan] and terminated based on his complaint" where there was a two- to five-month period between the plaintiff's complaint and the developmental action plan, and a five- to nine-month period between the complaint and termination); *King v. Indiana Harbor Belt R.R.*, 15-CV-0245, 2018 WL 5982134, at *9 (N.D. Ind. Nov. 13, 2018) ("the Court agrees that temporal proximity alone cannot create an inference of retaliatory animus here.").

As a result, to the extent Plaintiff attempts to set forth a claim for retaliation, I recommend that that claim be dismissed.

### 3.    Hostile Work Environment

A hostile work environment claim requires that the workplace be "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently pervasive to alter the conditions of the victim's employment." *Kassner v. 2nd Avenue Delicatessen, Inc.,* 496 F.3d 229, 240 (2d Cir. 2007). However, "[i]n assessing hostile work environment claims, the Court must remain mindful that Title VII is not a general civility code." *Holt v. Roadway Package Sys., Inc.*, 506 F. Supp. 2d 194, 203 (W.D.N.Y. 2007) (internal quotation marks omitted).

Instead, a plaintiff must allege that an employer treated him differently from others because of plaintiff's membership in a protected class. *Holt*, 506 F. Supp. 2d at 203 (citing *Oncale v. Sundowner Offshore Servs., Inc*., 523 U.S. 75, 79-80 (1998); *Brown v. Henderson*, 257 F.3d 246, 254 (2d Cir. 2001)).

Here, putting aside the issue that Plaintiff does not allege that Defendant was ever his employer, the Amended Complaint fails to set forth any factual allegations plausibly suggesting Plaintiff's membership to a protected class or that Defendant's disparate treatment was a result of that membership. (*See generally* Dkt. No. 9.)

As a result, I recommend that, to the extent Plaintiff attempts to assert a hostile work environment claim, that that claim be dismissed.

### 4.    Taxation Without Representation

Plaintiff's attempt to assert a claim of taxation without representation is unavailing. The Supreme Court has expressly rejected the contention that "no man's property can be taxed unless some benefit to him personally can be pointed out." *Thomas v. Gay*, 169 U.S. 264, 277 (1898). "Moreover, the federal constitution contains no right against 'taxation without representation.'" *Greisdorf v. Governor, State of Florida*, 15-CV-0775, 2015 WL 9243894, at *4 (M.D. Fla. Nov. 10, 2015) (citing *Heald v. District of Columbia*, 259 U.S. 114, 124 (1922) ("There is no constitutional provision which so limits the power of Congress that taxes can be imposed only upon those who have political representation."); *Doe v. Maximus*, 10-CV-0412, 2010 WL 4861136, at *5 (M.D. Tenn. Nov. 15, 2010) ("There is no legal basis for Plaintiff's 'taxation without representation' claim.").

As a result, I recommend that Plaintiff's taxation without representation claim be dismissed as frivolous.

     **5.**      **Due Process**

To the extent that Plaintiff attempts to allege a due process claim because he did not receive a hearing or trial by his peers in 2011, when he was first omitted from Defendant's list of licensed plumbers, that claim is not timely as set forth above in Part IV.A. of this Report-Recommendation.

     **6.**      **Wrongful Termination**

To establish a prima facie case for wrongful termination, "a plaintiff must show that (1) he is a member of a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to [an] inference of discrimination." *Dupree v. UHAB-Sterling St. Hous. Dev. Fund Corp.,* 10-CV-1894, 2012 WL 3288234, *4 (E.D.N.Y. Aug. 10, 2012) (quoting *Ruiz v. Cnty. of Rockland,* 609 F.3d 486, 491-92 (2d Cir.2010)).

The Amended Complaint does not allege that Plaintiff was ever employed by Defendant, instead it alleges that the removal of Plaintiff from Defendant's list of licensed plumbers amounted to termination of his ability to be employed within the City of Rome. (*See generally* Dkt. No. 9.) Even assuming *arguendo*, that such allegations are sufficient, the Amended Complaint fails to set forth any allegations regarding Plaintiff's membership to a protected class or that his "termination" occurred under circumstances giving rise to an inference of discrimination.

As a result, I recommend that to the extent that Plaintiff attempts to assert a claim of wrongful termination, that claim be dismissed.

### 7.    Discrimination

"The Fourteenth Amendment provides public employees with the right to be 'free from discrimination.'"  *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015) (quoting *Demoret v. Zegarelli*, 451 F.3d 140, 149 (2d Cir. 2006)).  Consequently, public employees aggrieved by discrimination in the terms of their employment may bring suit under 42 U.S.C. § 1983 against any responsible persons acting under color of state law.  *Vega*, 801 F.3d at 87 (citing *Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 122-23 (2d Cir. 2004)).  Section "1983 discrimination claims parallel Title VII discrimination claims in many respects."  *Naumovski v. Norris*, 934 F.3d 200, 212 (2d Cir. 2019) (citing *Vega*, 801 F.3d at 88).  "Whether pursued under Title VII or § 1983," a plaintiff alleging discrimination must allege that he suffered an "adverse employment action," *Naumovski*, 934 F.3d at 212, or offensive conduct that was "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusing working environment," *id.*, because of that person's race, color, religion, sex or national origin.  *E.E.O.C. v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 135 S. Ct. 2028, 2031 (2015); *Brooks v. City of Utica*, 275 F. Supp. 3d 370, 377 (N.D.N.Y. 2017) (Kahn, J.) (quoting *Demorat v. Zegarelli*, 451 F.3d 140, 151 (2d Cir. 2006)).

As set forth above, the Amended Complaint does not allege that Plaintiff was ever employed by Defendant, instead it alleges that the removal of Plaintiff from Defendant's list of licensed plumbers amounted to termination of his ability to be employed within the City of Rome.  (*See generally* Dkt. No. 9.)  Even assuming *arguendo*, that such allegations are sufficient, the Amended Complaint fails to set forth any allegations regarding Plaintiff's membership to a protected class or that his removal occurred under conditions giving rise to an inference of discrimination.

As a result, I recommend that, to the extent Plaintiff attempted to allege a claim of discrimination, that claim be dismissed.

## V.    OPPORTUNITY TO AMEND

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").

Since Plaintiff has already been granted leave to amend once,[8] I recommend that Plaintiff's claims, except his Equal Protection Clause claim, be dismissed without leave to amend. *See Carrasco v. Annucci,* 17-CV-0246, 2017 WL 6492010, at *2 (N.D.N.Y. Dec. 15, 2017) (Suddaby, C.J.) (dismissing a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) without leave to amend "because plaintiff has already had two opportunities to amend the complaint").

## VI.    SUMMARY AND RECOMMENDATION

I recommend that Plaintiff's Complaint be dismissed in its entirety without leave to amend, except Plaintiff's Equal Protection Clause claim related to the omission of his name from Defendant's list of licensed plumbers in 2016 and 2017, which I recommend be accepted for filing and that a response be required.

**WHEREFORE**, based on the findings above, it is

---

[8]    Plaintiff's Amended Complaint (Dkt. No. 9) is actually his fifth pleading with respect to his claims. *Syrfert v. City of Rome*, 6:15-CV-1149 (LEK/ATB) (Dkt. No. 1); *Syfert v. City of Rome*, 6:17-CV-0578 (GTS/TWD) (Dkt. Nos. 1, 9); *Syfert v. City of Rome*, 6:19-CV-0775 (GTS/ML) (Dkt. Nos. 1, 9).

**RECOMMENDED** that Plaintiff's Amended Complaint (Dkt. No. 9) be accepted for filing with respect to Plaintiff's Equal Protection Clause claim related to the omission of his name from Defendant's licensed plumber list in 2016 and 2017; and it is further

**RECOMMENDED** that the Court **DISMISS WITHOUT LEAVE TO REPLEAD** all of Plaintiff's other claims pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[9]  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 [2d Cir. 1989]).

It is hereby respectfully **ORDERED** that the Clerk of the Court shall file a copy of this order, report, and recommendation on the docket of this case and serve a copy upon the parties in accordance with the local rules.[10]

Dated: April  15 , 2020
       Binghamton, New York

Miroslav Lovric
U.S. Magistrate Judge

---

[9]     If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).

[10]    The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).