UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARK SYFERT,

                            Plaintiff,

                                                             6:19-CV-0775
v.                                                            (GTS/ML)

CITY OF ROME,

                            Defendant.
_____

APPEARANCES:

MARK SYFERT
   Plaintiff, *Pro Se*
422 W. Embargo Street #2
Rome, New York 13440

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

Currently before the Court, in this *pro se* civil rights action filed by Mark Syfert ("Plaintiff") against the City of Rome ("Defendant"), are United States Magistrate Judge Miroslav Lovric's Report-Recommendation recommending that Plaintiff's Amended Complaint (Dkt. No. 9) be accepted for filing with respect to his claim under the Equal Protection Clause but that the remainder of Plaintiff's claims be dismissed without leave to amend, and (2) Plaintiff's Objection to the Report-Recommendation. (Dkt. Nos. 10, 11.)

After carefully considering the relevant papers, including Magistrate Judge Lovric's thorough Report-Recommendation, the Court can find no error in any portions of the Report-Recommendation to which Plaintiff has specifically objected, and no clear error in the

remaining portions of the Report-Recommendation:[1] Magistrate Judge Lovric employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted for the reasons set forth therein.

To those reasons, the Court would add merely one point. In his Objections, Plaintiff appears to attempt to, among other things, submit evidentiary material in support of his claims. (*Compare* Dkt. No. 9 [Plf.'s Am. Compl.] *with* Dkt. No. 11 [Plf.'s Obj.].)   This attempt is in vain, because (1) evidence is immaterial during a failure-to-state-a-claim analysis pursuant to Fed. R. Civ. P. 12(b)(6), and (2) in any event, the Court exercises its discretion to refuse to consider any evidentiary material that could have been, but was not, presented to Magistrate Judge Lovric in the first instance.[2]   The Court notes that Plaintiff has already availed himself of the opportunity to amend his pleading. (*Compare* Dkt. No. 8 [Decision and Order permitting

---

[1]   When no specific objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review.   Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.   When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."   *Id.*; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

[2]   *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

opportunity for limited amendment] *with* Dkt. No. 9 [Plf.'s Am. Compl.].)   The Court notes also that allegations in Plaintiff's previously dismissed action cannot be incorporated by reference in his Amended Complaint in this action, pursuant to Local Rule 7.1(a)(3) of the Local Rules of Practice for this Court.

    **ACCORDINGLY**, it is

    **ORDERED** that Magistrate Judge Lovric's Report-Recommendation (Dkt. No. 10) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

    **ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 9) is accepted for filing as to his claim under the Equal Protection Clause arising from the omission of his name from Defendant's licensed plumber list in 2016 and 2017; and it is further

    **ORDERED** that the remaining claims in Plaintiff's Amended Complaint (Dkt. No. 9) are **DISMISSED** **without leave to replead** for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B); and it is further

    **ORDERED** that the Clerk of Court is directed to issue Summonses and forward them, along with copies of the Amended Complaint (Dkt. No. 9), to the U.S. Marshal for service upon Defendant, and Defendant is directed to respond in accordance with the Federal Rules of Civil Procedure.

Dated:  August 5, 2020
       Syracuse, New York

_____
Glenn T. Suddaby
Chief U.S. District Judge