UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARK SYFERT,

                Plaintiff,

v.                                                                          6:19-CV-0775
                                                                            (GTS/ML)
CITY OF ROME,

                Defendant.
_____

APPEARANCES:                                                                OF COUNSEL:

MARK SYFERT
  *Pro Se* Plaintiff
422 West Embargo Street #2
Rome, New York 13440

OFFICE OF THE CORPORATION COUNSEL                                           GERARD F. FEENEY, ESQ.
  Counsel for the Defendant
198 North Washington Street, Rome City Hall
Rome, New York 13440

MIROSLAV LOVRIC, United States Magistrate Judge

## DECISION and ORDER

Currently before the Court in this *pro se* civil rights action filed by Mark Syfert ("Plaintiff") against the City of Rome ("Defendant") are Plaintiff's (1) motion for appointment of counsel (Dkt. No. 24), (2) motion for joinder of parties (Dkt. No. 26), (3) motion to file a second amended complaint (Dkt. No. 27), (4) notice (Dkt. No. 28), and (5) jurisdiction motion or venue motion (Dkt. No. 29).  For the reasons discussed below, Plaintiff's (1) motion for appointment of counsel (Dkt. No. 24) is denied without prejudice, (2) motion for joinder of parties (Dkt. No. 26) is stricken from the docket, (3) motion to file a second amended complaint

(Dkt. No. 27) is denied without prejudice, (4) notice (Dkt. No. 28) is stricken from the docket, and (5) jurisdiction motion or venue motion (Dkt. No. 29) is stricken from the docket.

## I.     MOTION FOR APPOINTMENT OF COUNSEL

It is well-settled that there is no right to appointment of counsel in civil matters. *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994). Title 28 of United States Code Section 1915 specifically provides that a court may request an attorney to represent any person "unable to afford counsel." 28 U.S.C. § 1915(e)(1). Appointment of counsel must be done carefully in order to preserve the "precious commodity" of volunteer lawyers for those litigants who truly need a lawyer's assistance. *Cooper v. A. Sargenti, Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989). Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors must be carefully considered by the court in ruling upon such a motion:

> [The Court] should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in th[e] case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986)). This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather, each case must be decided on its own facts. *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Hodge*, 802 F.2d at 61). The Court must consider the issue of appointment carefully because

"every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper*, 877 F.2d at 172.

Plaintiff is a frequent litigator in this district (Dkt. No. 4 at 1-6) and has demonstrated that he is capable of presenting his case. *Terminate Control Corp.*, 28 F.3d at 1341. This case does not involve complex legal issues and there is no indication that Plaintiff is unable to investigate the facts alleged. *Id.* Moreover, Plaintiff has not identified any special reason why the appointment of counsel at this stage would be more likely to lead to a just determination. *Id.* As a result, Plaintiff's motion for appointment of counsel (Dkt. No. 24) is denied without prejudice.

## II.      MOTION FOR JOINDER OF PARTIES

Plaintiff's filed an "Application [for] Joinder of Parties." (Dkt. No. 26.) Plaintiff's motion lists the names of several individuals and states, *inter alia*, "The Calling to be a Plumber. Just like the calling to be a judge. A successful individual." (Dkt. No. 26, at 2 [emphasis in original].) It is unclear what relief, if any, Plaintiff is requesting and what the grounds are for that relief.

In addition, Plaintiff's motion does not comply with Local Rule 7.1(a), which requires that all motions include a memorandum of law, supporting affidavit, and proof of service on all the parties. Moreover, any motion for joinder "must attach an unsigned copy of the proposed amended pleading to [his] motion papers." N.D.N.Y. L.R. 7.1(a)(4). As a result, the Clerk of the Court is directed to strike Plaintiff's motion for joinder of parties (Dkt. No. 26), and it will not be considered by the Court.

## III.     MOTION TO FILE A SECOND AMENDED COMPLAINT

A motion to amend is evaluated under Federal Rule of Civil Procedure 15(a), which provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R.

Civ. P. 15(a)(2); *see also Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339 (2d Cir. 2000). "[T]o the extent that [a plaintiff] raises a legitimate claim, the policy considerations that undergird the Federal Rules counsel in favor of affording litigants an opportunity to resolve their claims on the merits." *Fershtadt v. Verizon Commc'ns Inc.*, 262 F.R.D. 336, 338 (S.D.N.Y. 2009) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

District courts have broad discretion in ruling on a motion for leave to amend. *See, e.g., McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). A court may deny leave "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy*, 482 F.3d at 200. "Mere delay," however, "is not, of itself, sufficient to justify denial of a Rule 15(a) motion." *Parker*, 204 F.3d at 339.

A movant seeking to amend a pleading "must attach an unsigned copy of the proposed amended pleading to [his] motion papers. . . . The motion must set forth specifically the proposed insertions and deletions of language and identify the amendments in the proposed pleading, either through the submission of a redline/strikeout version of the pleading sought to be amended or through other equivalent means." N.D.N.Y. L.R. 7.1(a)(4).

Plaintiff's "Application [for] Amendment of Pleading," much like his Complaint (Dkt. No. 1) and Amended Complaint (Dkt. No. 9) includes incomplete sentences that present a mélange of thoughts that are meandering and indecipherable. (Dkt. No. 27.) Moreover, Plaintiff's application does not include a redline/strikeout (or other equivalent) version of the pleading sought to be amended, which identifies the amendments to the proposed pleading, as

required by Local Rule 7.1(a)(4).[1]  As a result, Plaintiff's motion to file a second amended complaint is denied without prejudice.

## IV.    NOTICE

Plaintiff filed a document that was docketed as a "Notice."  The Notice states "Defendant can not stop Plaintiff's F.O.I.L.s Eric Seelig is stopping them."  (Dkt. No. 28 at 1.)  As with Plaintiff's motion for joinder of parties (Dkt. No. 26), it is unclear what relief, if any, Plaintiff is requesting and what the grounds are for that relief.  As a result, the Clerk of the Court is directed to strike Plaintiff's Notice (Dkt. No. 28), and it will not be considered by the Court.[2]

## V.    JURISDICTION MOTION OR VENUE MOTION

Plaintiff filed a document with the heading "Jurisdiction Motion or Venue Motions?" (Dkt. No. 29.)  Plaintiff's submission appears to be requesting that the Court resolve the dispute that was referenced in Plaintiff's Complaint (Dkt. No. 1) regarding the building code violations at 422 West Embargo Street, Rome New York.  (*Compare* Dkt. No. 29, *with Syfert v. City of Rome*, 19-CV-0775, 2019 WL 7602180, at *4-6 (N.D.N.Y. Aug. 14, 2019) (Lovric, M.J.)).

---

[1]    The Court notes that Plaintiff's application also purports to include his mandatory disclosures.  (Dkt. No. 27 at 6-32.)  Pursuant to Local Rule 26.2, "[p]arties shall not file . . . disclosures . . . unless the Court orders otherwise."  The Court has not ordered otherwise, and Plaintiff's inclusion of these materials with his application is improper and in violation of Local Rule 26.2.

[2]    The Court notes that "New York law provides a remedy for the improper denial of a FOIL request.  A person denied access to requested documents may appeal the denial to the 'head, chief executive or governing body" of the entity or agency in possession of the documents.  N.Y. Pub. Off. Law § 89(4)(a).  The person must then challenge the denial of the FOIL request on appeal by commencing a proceeding under Article 78 of the New York Civil Practice Law and Rules.  N.Y. Pub. Off. Law § 89(4)(b)."  *Blount v. Brown*, 10-CV-1548, 2010 WL 1945858, at *2 (E.D.N.Y. May 11, 2010) (citing *Schuloff v. Fields*, 950 F. Supp. 66, 67-68 (E.D.N.Y. 1997) ("The appropriate vehicle for challenging denials of access guaranteed by the New York Freedom of Information law is a state court proceeding pursuant to N.Y. C.P.L.R. Article 78 upon exhaustion of administrative remedies.")).

Those claims were dismissed with prejudice by Chief United States District Judge Glenn T. Suddaby on November 14, 2019, pursuant to 28 U.S.C. § 1915(e)(2)(B). (Dkt. No. 8.) Therefore, it is unclear what relief, if any, Plaintiff is requesting and what the grounds are for that relief.

In addition, Plaintiff's motion does not comply with Local Rule 7.1(a), which requires that all motions include a memorandum of law, supporting affidavit, and proof of service on all the parties.

As a result, the Clerk of the Court is directed to strike Plaintiff's Jurisdiction Motion or Venue Motion (Dkt. No. 29), and it will not be considered by the Court.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for appointment of counsel (Dkt. No. 24) is **DENIED without prejudice**; and it is further

**ORDERED** that the Clerk of the Court shall **STRIKE** Plaintiff's motion for joinder of parties (Dkt. No. 26); and it is further

**ORDERED** that Plaintiff's motion to file a second amended complaint (Dkt. No. 27) is **DENIED without prejudice**; and it is further

**ORDERED** that the Clerk of the Court shall **STRIKE** Plaintiff's Notice (Dkt. No. 28); and it is further

**ORDERED** that the Clerk of the Court shall **STRIKE** Plaintiff's Jurisdiction Motion or Venue Motion (Dkt. No. 29); and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on Plaintiff, along with copies of the unpublished decisions cited herein in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

Dated: December  2 , 2020
       Binghamton, New York

*/s/ Miroslav Lovric*
Miroslav Lovric
U.S. Magistrate Judge